# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : | |
| MICHAEL MATTHEWS | : | # 09-612-1 |

## MEMORANDUM

PRATTER, J.                                                                                          JULY 9, 2010

Michael Matthews is presently detained pending trial on a Superseding Indictment which charges him with one count of conspiracy to commit robbery interfering with interstate commerce, in violation of 18 U.S.C. § 1951; two counts of attempted robbery interfering with interstate commerce, in violation of 18 U.S.C. § 1951; one count of carrying and using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1); and, finally, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Mr. Matthews, through his especially able counsel, has presented a Motion to Vacate the Pretrial Detention Order Issued by the Magistrate Judge and to Impose Conditions of Pretrial Release (Docket No. 43). For the reasons that follow, the Motion is denied.

## BACKGROUND

Mr. Matthews has been detained since his initial appearance in this matter on August 13, 2009, before Magistrate Judge Hart when the Government's motion for temporary detention was granted. A hearing to again address detention was held on August 18, 2009 before Magistrate Judge Caracappa, at the conclusion of which Mr. Matthews was ordered to remain detained.

Thereafter, Mr. Matthews filed the pending Motion. Mr. Matthews also filed a suppression motion (Docket No. 29) regarding certain evidence found by the police when they searched his backpack at the time of his arrest. The Court held an evidentiary hearing on March 26, 2010, and continued that hearing on June 15, 2010. Evidence and argument on both the motion for release on bail and the suppression motion were presented at both hearings. With respect to his bail application, he proposes to live with his wife and their three young children in Philadelphia in their home, subject to electronic monitoring and such other conditions as the Court may impose pending trial.

## **LEGAL STANDARD**

This Court has jurisdiction to review a detention order of a Magistrate Judge pursuant to 18 U.S.C. § 3145(b). Section 3145(b) requires the Court to make a de novo determination of the findings of fact underlying the detention order. United States v. Smith, No. 04-680, 2004 WL 2590500, at *1 (E.D.Pa. Oct. 29, 2004) (citing United States v. Delker, 757 F.2d 1390, 1394 (3d Cir. 1985)).[1] Section 3142(e) of the Bail Reform Act, 18 U.S.C. § 3142(e), provides that: "If, after a hearing pursuant to the provisions of subsection (f), the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as

---

[1] There was some discussion in connection with the oral argument on the pre-trial detention issue as to whether this matter is presently best treated as an appeal of the magistrate judge's order or an application anew for bail. Inasmuch as counsel seem to agree that circumstances remain substantively the same as they were when the magistrate judge ruled on the issue, the Court does not perceive any advantage or disadvantage to anyone by choosing to view this as a fresh motion rather than an appeal nunc pro tunc of the prior order, or vice versa, and, therefore, will not undertake to parse through the potentially cumbersome elements of deciding the precise procedural posture of the pending pleading.

required and the safety of any other person and the community, he shall order the detention of the person prior to trial." 18 U.S.C. § 3142(e).

The Bail Reform Act requires the Court to consider four factors to determine whether there are "conditions of release that will reasonably assure the appearance of [the Defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(g). The relevant factors are: 1) the nature and circumstances of the offenses charged in the Superseding Indictment; 2) the weight of the evidence against the Defendant; 3) the Defendant's history and characteristics, including his "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct history relating to drugs or alcohol abuse, criminal history and record concerning appearance at court proceedings" and whether he was on probation, parole or pretrial release at the time the instant offense occurred; and 4) the nature and seriousness of the danger that would be posed to any person or to the community if Defendant were released pending trial. Id. The Government's burden of establishing "risk of flight justifying pretrial detention is the preponderance of the evidence standard. The Government's burden in demonstrating danger to the community justifying pretrial detention is the clear and convincing standard." Smith, 2004 WL 2590500, at *1 (citing Unites States v. Himler, 797 F.2d 156, 160, 161 (3d Cir. 1986)).

Because there is probable cause to believe that this Defendant committed an offense in violation of 18 U.S.C. § 924(c)(1) by carrying and using a firearm during a crime of violence, there is a rebuttal presumption that no condition or combination of conditions will reasonably assure either the appearance of Defendant as required or the safety of the community if he is released. 18 U.S.C. § 3142(e).

3

## DISCUSSION

Having considered the submissions of Mr. Matthews, as well as the arguments presented at the hearings, and following the Court's recent decision to deny Mr. Matthews' motion to suppress certain evidence, the Court makes the following findings of facts and reaches the following conclusions of law pursuant to 18 U.S.C. § 3142(i).

### A. The Offense and Evidence In the Case

1. Mr. Matthews is presently detained on charges of conspiracy to commit robbery which interfered with interstate commerce; attempted robbery which interfered with interstate commerce; carrying and using a firearm during a crime of violence; and possession of a firearm by a convicted felon. There is probable cause to believe that Mr. Matthews has violated 18 U.S.C. §§ 1951, 924, 922, as set forth in the superseding indictment.

2. The evidence against Mr. Matthews as disclosed thus far appears to be strong. It consists of eyewitness testimony describing first-hand accounts of various actions and the securing of tangible evidence such as a .22 caliber handgun, duct tape, and black gloves recovered from Mr. Matthews when he was arrested in proximity to the store from which informant KN called the police.

3. Specifically, the Government's evidence can be summarized as follows:[2] on June 6, 2009, Philadelphia police officers responded to a call from Ms. Karima Nance, an employee at Express Check Cashing on 5300 Tabor Avenue, Philadelphia, Pennsylvania. Ms. Nance told police that she saw two black men wearing female Muslim garb loitering outside of

---

[2] For a full recitation of the Government's evidence, see the Court's Memorandum and Order denying Mr. Matthews' Motion to Suppress Physical Evidence (Doc. Nos. 56, 57).

4

the store for the past two days at opening time. Ms. Nance was concerned that these males were casing the store for a potential robbery. She told the police that these males were driving a beige or gold car. A police officer subsequently watched video surveillance of the Express Check Cashing store and saw the gold car. This officer described the car to officers who had been directed to conduct undercover surveillance of the store.

4. On June 12, 2009, undercover police officers observed a gold Mazda parked on the same side of the street as the Express Check Cashing store. The officers learned that the tag on the car was stolen and believed that the car looked like the one that was seen in the video surveillance. The officers saw co-defendant Michael Anderson inside the car in the driver's seat. When they first saw defendant Michael Matthews, he was immediately outside the car. They watched Mr. Matthews walk past the Express Check Cashing store toward the bus stop on the corner. Soon thereafter, Mr. Anderson got out of the car, crossed the street, and appeared to be hiding behind a tree. The officers further observed that the two men appeared to be communicating by cellular telephone and watching each other. Undercover officers arrested Mr. Anderson.

5. At the same time, uniform police officers approached defendant Mr. Matthews, who was carrying a backpack. Though Mr. Matthews was standing at the bus stop, according to the police, he did not appear to be looking in the direction of an oncoming bus. The officers asked Mr. Matthews for identification, which he provided. Using Mr. Matthews' identification, the officers learned that there were two outstanding bench warrants against Mr. Matthews. He was then arrested. When the police officers inventoried his backpack, a .22 caliber handgun, duct tape, and black nylon gloves were discovered. As indicated above, the

defense suppression motion as to these items has been denied.

**B.   Characteristics of Mr. Matthews; Risk of Flight and Safety of Others and the Community**

6.   Mr. Matthews is a 33 year old lifelong resident of Philadelphia. He is married and has two children, ages 5 and 3, with his wife, as well as another child (aged 14) produced during an earlier relationship. The five-year-old reportedly suffers from a severe asthma condition, as does Mr. Matthews, albeit less severely.

7.   Prior to his arrest in this case, Mr. Matthews lived with his family in rental property in Philadelphia; he reportedly has no passport and has not engaged in foreign travel. Mr. Matthews' wife and his mother are reportedly willing to co-sign an appearance bond with Mr. Matthews.

8.   Prior to his arrest, Mr. Matthews reportedly was employed for four years with Labor Union, Local 135 in Norristown, Montgomery County, but this has not been verified. No specific job has been identified as awaiting Mr. Matthews, although a union officer opines by letter that he may be likely to have some work if released.

9.   Mr. Matthews appears to have no assets and no liabilities. His wife reports being employed at a McDonald's.

10.   Mr. Matthews has a lengthy arrest and conviction record, extending back to 1997, at the age of 19, concerning a motor vehicle theft, and thereafter including crimes of robbery, criminal conspiracy, defiant trespass, DUI, harassment, theft, unauthorized use of vehicles, drug and drug paraphernalia possession, and the like. The total list of arrests appear to be 18 while 7 of those ended with convictions. Two criminal matters remain open on Mr.

Matthews' records; specifically for robbery, drug related difficulties, and violence related crimes.

11. Mr. Matthews has no known personal drug or narcotic abuse issues. Likewise, he reports no mental or physical health related issues, other than the asthma referenced above.

12. The Probation Office reports that public records reflect that Mr. Matthews may have failed to appear in court in the past, leading to the issuance of bench warrants. Several Montgomery County charges remain outstanding against Mr. Matthews. In addition, the Probation Office reports that Mr. Matthews may have claimed an alias identity ("Hafiz Matthews") and alternate birth date (Nov. 22, 1976) in the past.

## **CONCLUSION**

The Court recognizes that Mr. Matthews has strong family ties and the significant interest of many family members who have consistently appeared in court to demonstrate their support for him whenever any issue relating to him has been addressed. However, Mr. Matthews' ties to and support from his family and friends do not outweigh the strong incentive to flee from state and federal prosecutions for serious crimes, convictions for any of which pose the likelihood of significant periods of incarceration, and, in the course of possibly attempting to so flee, there is the temptation to adopt false identity or disguise (such as the donning of female Muslim garb as alleged in the case at hand). Consequently, the Court finds, as did the magistrate judge previously in this case, that there is no condition or combination of conditions attendant to his release which will reasonably assure the appearance of Mr. Matthews as required. Accordingly, the current defense application for pretrial release is denied on the ground that, pursuant to 18

U.S.C. § 3142 (e) and (f), the Government has proven by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mr. Matthews' appearance as required.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE