IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL MATTHEWS,** : | |
| Petitioner, : | |
| : | CIVIL NO.   14-7256 |
| v. : | |
| : | CRIMINAL NO. 09-612 |
| **UNITED STATES OF AMERICA,** : | |
| Respondent. : | |
| : | |

**M E M O R A N D U M**

PRATTER, J.                                                                                                    JULY  14 , 2015

**INTRODUCTION**

Following his conviction, sentencing, and denial of his direct appeal, Michael Matthews filed a motion pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence.  Mr. Matthews raises three grounds for habeas relief:  (1) his counsel was ineffective for failing to cite *United States v. Bennett*, Criminal Action No. 08-535, 2010 WL 1427593 (E.D. Pa. Apr. 8, 2010), in arguing that the search of his backpack at the time of his arrest was unconstitutional; (2) his counsel was ineffective in advising him to go to trial rather than plead guilty; and (3) his counsel was ineffective in failing to object to the portion of his sentence under 18 U.S.C. § 924(c), even though that portion of his sentence exceeded five years.  The Government has responded to the first two arguments, but did not address the third in its Opposition. Nonetheless, the Court finds that none of the three arguments affords Mr. Matthews an avenue for habeas relief and therefore will deny his motion.

**FACTUAL BACKGROUND**

On June 6, 2009, the manager of a check cashing store alerted police that several black males dressed in burkas, garments traditionally worn by Muslim women, had been loitering outside the store during business hours. Acting on the tip, the Philadelphia Police established surveillance outside the store, and on the morning of Friday, June 12, 2009, officers noticed two black males behaving suspiciously. The officers approached the men, one of whom was Michael Matthews.

As they questioned Mr. Matthews, the officers asked Mr. Matthews to place the backpack he was carrying on the ground and put his hands in the air, and he complied. After a pat-down search and a warrant check which revealed two active bench warrants, Mr. Matthews was placed under arrest. While Mr. Matthews was handcuffed and secured in the back seat of the police car, one of the officers opened his backpack and found a roll of duct tape, a pair of gloves, and a .22 caliber handgun. The officers then transported Mr. Matthews and his backpack to the police station for processing.

Months later, Mr. Matthews was charged with conspiracy to commit robbery, two counts of attempted robbery, carrying a firearm during and in relation to a crime of violence, and possessing a firearm after conviction of a felony. Prior to trial, Mr. Matthews field a motion to suppress all physical evidence recovered from his backpack. After two hearings and two rounds of briefing, the Court denied the motion, reasoning that the backpack was searched pursuant to a valid inventory search or, alternatively, that the contents of the bag inevitably would have been discovered when the bag was inventoried at the police station. The case proceeded to trial, and the jury convicted Mr. Matthews of conspiracy, one count of attempted robbery, and both

firearms charges. Mr. Matthews was sentenced to 192 months' imprisonment, although the Guidelines Range called for 360 months to life imprisonment for his crimes.

Mr. Matthews then appealed, challenging the admission of the backpack evidence. The Third Circuit Court of Appeals affirmed his conviction and sentence, holding that although the backpack was not searched pursuant to a valid inventory search, the bag's contents would have inevitably been discovered. *See United States v. Matthews*, 532 Fed. App'x 211 (3d Cir. 2013). Mr. Matthews now has filed a habeas petition pursuant to 28 U.S.C. § 2255, essentially arguing that his trial counsel was ineffective. The Government opposes Mr. Matthews's motion.

**DISCUSSION**

Mr. Matthews raises three arguments in his motion: (1) his counsel was ineffective for failing to cite *Bennett*, 2010 WL 1427593, in arguing that the search of his backpack at the time of his arrest was unconstitutional; (2) his counsel was ineffective in advising him to go to trial rather than plead guilty; and (3) his counsel was ineffective in failing to object to the portion of his sentence under 18 U.S.C. § 924(c), even though that portion of his sentence exceeded five years.

Mr. Matthews's arguments must be measured against *Strickland v. Washington,* 466 U.S. 668 (1984). The legal standards articulated in *Strickland* are well-settled and straight forward. To succeed with his motion Mr. Matthews must show (1) that his lawyer's performance fell below an objective standard of reasonableness in the rendering of his professional duties, and (2) therefore, counsel's error(s) prejudiced Mr. Matthews in some demonstrable way. The burden placed upon the proponent of such a claim is a heavy one. *Strickland,* 466 U.S. at 689. Analytically, because failure to establish prejudice would make it unnecessary to evaluate the

quality of counsel's services, the Court will first focus on the question of prejudice. *McAleese v. Mazurkiewicz,* 1 F.3d 159, 171 (3d Cir. 1993); *United States v. Fulford,* 825 F.2d 3, 8 (3d Cir. 1987).

### A.     Mr. Matthews's counsel was not ineffective for failing to cite *Bennett*.

Mr. Matthews's primary argument in his § 2255 motion is that his counsel was constitutionally ineffective when he failed to cite *Bennett*, 2010 WL 1427593, in arguing that the contents of his backpack should have been suppressed, both in this Court and before the Third Circuit Court of Appeals.[1]  Mr. Matthews calls *Bennett* the "leading case" in this Circuit on backpack searches. Unfortunately, Mr. Matthews fails to appreciate that *Bennett* is an unreported decision by another court in this district, which makes it, at most, persuasive authority, not binding authority, as Mr. Matthews endeavors to argue. "'A decision of a federal district court judge is not *binding* precedent in either a different judicial district, the same judicial district, or even the same judge in a different case.'" *Camreta v. Greene,* 131 S. Ct. 2020, 2033 n.7 (2011) (quoting 18 J. Moore et al., Moore's Federal Practice § 134.02[1][d], p. 134–26 (3d ed.2011)) (emphasis added). Thus, even if Mr. Matthews's counsel had cited *Bennett*, neither this Court nor, certainly, the Third Circuit Court of Appeals was bound to follow that ruling.

Moreover, *Bennett* can easily be distinguished from Mr. Matthews's case. *Bennett* begins in much the same way as Mr. Matthews's case. In *Bennett*, the defendant was arrested, and after he was handcuffed but before he was transported to the police station, his backpack was searched. *Bennett*, 2010 WL 1427593, at *3. Prior to trial, Mr. Bennett moved to suppress the contents of that backpack because it was searched without a warrant. *Id.* at *5. At this point the

---

[1] Mr. Matthews frames this argument as an "equal protection" challenge, arguing that if he was prejudiced by his lack of sufficient funds to hire the lawyer of his choice. However he frames the argument, in its essentials, the argument is one of ineffective assistance, and the Court will analyze it under the familiar *Strickland* standard.

two cases diverge. While in Mr. Matthews's case, the Government argued, among other things, that the contents of the backpack inevitably would have been discovered pursuant to routine procedures, and it presented during a hearing evidence of those procedures. *See Matthews*, 532 F. App'x at 215-16 (outlining evidence presented by the Government in support of its policy for inventory searches). In contrast, the *Bennett* Court "received no evidence that, if the backpack had never been searched at the scene of Bennett's arrest, it inevitably would have been searched pursuant to established, routine police procedures. The Government did not submit evidence of any Philadelphia Police Department policy regarding inventory searches, either through submission of the department's written policy or through testimony. Furthermore, the police officers who testified at the suppression hearing did not characterize the search of the backpack as a standard inventory search." *Bennett*, 2010 WL 1427593, at *9.

Thus, Mr. Matthews's counsel was not ineffective for failing to cite a case that neither fit the facts of his case nor would be considered binding precedent for this Court, let alone the Third Circuit Court of Appeals. Mr. Matthews is not entitled to habeas relief on this ground.

**B.     Mr. Matthews's counsel was not ineffective for advising him to go to trial rather than plead guilty.**

Mr. Matthews argues that his counsel was ineffective in advising him to go to trial rather than plead guilty, and that if he had taken a plea, he would have received a lighter sentence. Ignoring for the moment that Mr. Matthews's argument that he should have pleaded guilty stands in stark contrast to his continued assertion that he is legally and factually innocent of the charges for which he was convicted, *see* Def.'s Mem. of Law, at 1, Docket No. 153, the Court will assume that Mr. Matthews's counsel did advise him to go to trial against Mr. Matthews's better

5

judgment. Even so assuming, however, Mr. Matthews has not presented any evidence that he was prejudiced by this advice.

In *Lafler v. Cooper*, the Supreme Court addressed the burden on habeas petitioners who argue that counsel was ineffective for advising them to go to trial rather than accept a plea:

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Here, Mr. Matthews cannot even present evidence of a proposed plea offer, as he never received such an offer from the Government. Mr. Matthews, as noted before, was looking at a Guideline Range of 360 months to life. A three-point reduction for acceptance of responsibility would only have reduced that Guideline Range to 262-327 months, which is still more time that Mr. Matthews received at sentencing, and Mr. Matthews has not presented any evidence that the Court would have departed even further below the Guideline Range had he pleaded guilty. Moreover, the fact that Mr. Matthews was acquitted of one count demonstrates that the decision to go to trial was not a completely unreasonable strategy. At most, Mr. Matthews speaks in generalities, arguing that defendants who go to trial receive longer sentences than defendants who accept a plea. Because Mr. Matthews has failed to carry his burden to show specific prejudice to him resulting from any error on the part of his attorney in allegedly advising him to go to trial instead of take a plea, the Court will deny his motion on that ground.

**C. Mr. Matthews's counsel was not ineffective for failing to object to his sentence.**

Mr. Matthews argues that his counsel was ineffective for failing to object to the Court's sentence of 72 months for his violation of 18 U.S.C. § 924(c).[2] He argues that a violation of that statute carries with it a maximum sentence of five years, or 60 months. Mr. Matthews's reading of 18 U.S.C. § 924(c) appears to be based on an incomplete quotation of the statute contained in a parenthetical in an opinion of the Third Circuit Court of Appeals. In reality, the lowest sentence a violation of § 924(c)(1) carries with it is "a term of imprisonment of *not less than* 5 years." 18 U.S.C. § 924(c)(1)(A)(i) (emphasis added). Thus, Mr. Matthews is simply incorrect in his assertion that the maximum penalty he should have received for that particular crime was five years, and he plainly was not prejudiced by a failure on the part of his counsel to object to his sentence based on Mr. Matthews's incorrect understanding of the statute.

**D. Mr. Matthews is not entitled to an evidentiary hearing.**

If the "files and records of the case conclusively show that the prisoner is entitled to no relief," the Court may deny a habeas petition without an evidentiary hearing. 28 U.S.C. § 2255; *see also Government of Virgin Islands v. Bradshaw*, 726 F.2d 115, 117 (3d Cir. 1984) (district court has discretion regarding the decision to hold an evidentiary hearing on a § 2255 petition; "The district court need only supplement the factual record when the merits of the section 2255 motion may turn on the truth of a non-frivolous allegation."). Here, it is clear that, even accepting his allegations as true and drawing all factual inferences in favor of Mr. Matthews, he still is not entitled to habeas relief.

---

[2] Mr. Matthews earned a sentence of 120 months on counts 1, 3, and 5, and a consecutive sentence of 72 months on count 4 (under 18 U.S.C. § 924(c)), for a total of 192 months.

**CONCLUSION**

For the reasons set forth above, Mr. Matthews's Motion will be denied without an evidentiary hearing. An Order to this effect follows.

                                BY THE COURT:


                                <u>/s/ Gene E.K. Pratter</u>
                                GENE E.K. PRATTER
                                UNITED STATES DISTRICT JUDGE